USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARYSA V. GOLUBOVYCH,<br><br>        Plaintiff,<br><br>-against-<br><br>SAKS 5TH AVENUE, INC,<br><br>        Defendant. | 1:22-cv-9923-MKV<br><br>**<u>ORDER GRANTING REQUEST<br>FOR PRO BONO COUNSEL</u>** |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff has filed an Application for the Court to Request pro bono counsel. For the following reasons, Plaintiff's application is granted.

## LEGAL STANDARD

  The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Furthermore, a court has no authority to appoint counsel to represent the indigent litigant, instead the statute "merely empowers a court to *request* an attorney to represent a litigant proceeding *in forma pauperis*." *Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 301–02 (1989) (emphasis in original). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

  In *Hodge*, the Second Circuit explained that "[e]ach case must be decided on its own facts," but provided factors a court should consider when deciding whether or not to grant a litigant's

request for pro bono counsel. 802 F.2d at 61–62. The litigant must first demonstrate that she is indigent. *Id.* at 61 (the statute requires that the plaintiff "be unable to obtain counsel before appointment will even be considered"). The court must next consider whether the litigant's claims "seem[] likely to be of substance." *Id.* If those threshold requirements are satisfied then the court should consider the plaintiff's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the plaintiff's ability to present the case, the complexity of the legal issues, and any additional special reasons why appointment of counsel would be more likely to lead to a just determination. *Id.*

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis*, which the Court granted. [ECF Nos. 1, 6]. Subsequently, Plaintiff has made an application for the Court to request pro bono counsel and affirmed that her financial status has not changed. [ECF No. 86].

Plaintiff's amended complaint alleged discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA") against her employer, Saks 5th Avenue. On September 10, 2024, the Court issued an opinion granting in part and denying in part Defendant's motion to dismiss. [ECF No. 78]. The opinion dismissed all of Plaintiff's Title VII claims and most of Plaintiff's ADEA claims. [ECF No. 78]. Plaintiff's remaining claims are any ADEA claims against Saks 5th Avenue that are not barred by the doctrine of collateral estoppel or time barred. [ECF No. 78]. The Court finds that because Plaintiff is indigent, Plaintiff's claims survived the motion to dismiss, and Plaintiff's ability to investigate the crucial facts, conduct discovery, properly prepare for any subsequent motion practice, or prepare for or conduct effective cross-examination at trial, which will likely be the major proof presented to the fact finder is limited, the appointment of representation is

appropriate. *See Hodge,* 802 F.2d at 61–62.  Here, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge,* 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the Court to request pro bono counsel is granted.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.  If an attorney volunteers to represent Plaintiff, it is entirely Plaintiff's decision whether to retain that attorney or not.  Additionally, under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket costs expended in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff. Further the Clerk of Court is requested to terminate the application pending at ECF No. 86.

SO ORDERED.

Dated:   December 2, 2024
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge