USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/24/2025____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARYSA GOLUBOVYCH,

                        Plaintiff,

        -against-

SAKS 5TH AVENUE, INC.,

                        Defendant.

1:22-cv-9923-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of an email communication with an attachment from Plaintiff, who is proceeding *pro se*, sent on January 24, 2025. This communication was sent to the Court directly apparently without copy to counsel for Defendant. Attached to this Order is a redacted version of the email and attachment. *See* Attachment A. The Court finds that the redactions are appropriate because both the email and the attachment contain sensitive medical information. *See Robinson v. De Niro*, No. 19 Civ. 9156, 2023 WL 3728350, at *4 (S.D.N.Y. May 26, 2023) (concluding that "the privacy interest in redacting" sensitive medical information "outweighs any public interest in their disclosure"); *see also Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) ("[C]ourts routinely seal medical records." (internal quotation marks omitted)). An unredacted version of the email and attachment will be filed under seal, and Plaintiff must promptly provide an unredacted copy to counsel for Defendant. Plaintiff is reminded that all communications with the Court need to be served on opposing counsel and filed on the public docket.

In Plaintiff's communication she informs the Court that she will not appear for her deposition currently scheduled for January 28, 2025 because she will be unable to provide adequate answers due to her ongoing health issues and lack of counsel. *See* Attachment A. Plaintiff

highlights that she has previously requested that the Court provide her with *pro bono* counsel.  On December 2, 2024, the Court granted Plaintiff's request that *pro bono* counsel be sought for her, but has advised Plaintiff that there is no right to counsel in civil cases.  [ECF No. 91]. Additionally, the Court has since reached out to the Office of Pro Se Litigants and was informed that no p*ro bono* counsel has volunteered to represent Plaintiff.  In civil cases, unlike in criminal cases, there is no requirement that courts provide indigent litigants with counsel.  *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  And because the Court has no authority to appoint counsel in this situation there is nothing further the Court can do to assist Plaintiff in obtaining counsel.  *See Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 301–02 (1989) (the statute "merely empowers a court to *request* an attorney to represent a litigant proceeding *in forma pauperis*").

As a plaintiff in civil litigation, Plaintiff is required to appear for deposition.  **Plaintiff is hereby warned that if she does not appear for her deposition she is at risk of sanctions, including preclusion of evidence and/or dismissal of her claims.**  *See Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (affirming dismissal of *pro se* plaintiff's claims pursuant to Rule 37 of the Federal Rules of Civil Procedure for failure to appear for deposition); *Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 6–7 (2d Cir. 2013) (affirming dismissal of *pro se* plaintiff's claim where he refused to appear for deposition based on alleged health concerns and after almost a year of attempts to accommodate his concerns).

Accordingly, IT IS HERBY ORDERED that Plaintiff shall serve this Order and an unredacted copy of her email and attachment, and any future communications with the Court, on opposing counsel.

IT IS FURTHER ORDERED that Plaintiff must appear for her scheduled deposition on January 28, 2025.  If Plaintiff is unable to attend the deposition currently scheduled for January 28, 2025 due to health concerns, she is directed to communicate with counsel for Defendant to reschedule and discuss any accommodations that are needed to address her health-related needs.

**The parties are reminded that failure to comply with the Court's orders or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

January 24, 2025
Dated:  New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

Attachment A

| | |
|---|---|
| **From:** | Larysa Golubovych |
| **To:** | Vyskocil NYSD Chambers |
| **Date:** | Friday, January 24, 2025 9:54:15 AM |

**CAUTION - EXTERNAL:**

To: Mary Kay Vyskosil
United States District Judge

From: Larysa Golubovych
Case No. 022-cv-9923

Dear Judge,

I have a Deposition scheduled for January 28, 2025.
Since 2018 I experienced ███████████████████████ associated with illegal employment and retaliation policies.

Since that time I was receiving ████████████████████.
Now my condition has deteriorated critically ████████████████████████
████████████████████████████

Due to above reasons I will not be able to go through the Deposition meeting where I should be sitting face-to-face with the two or three Opposition lawyers and being under tremendous stress.

████████████████ I will not be able to give the adequate answers without any legal help.

I can significantly disadvantage myself and put myself at risk of making harmful statements without legal guidance due to ███████████████████████████

Before I have kindly requested the court for Pro Bono counsel to help me to go through the legal procedures, including Deposition.
I tried to get the legal help with the attorneys on my own, but on a few occasions I was told that they do not represent the pending cases at the District Court.

I am attaching here the medical notice ██████████████ which was submitted to the Defendant for the First Request for the Production of Documents along with other medical records ██████████ on December 31, 2024.
After extraordinary scheduled appointment ████████████ on January 23, 2025 I will submit the medical record to the Court throughout today, January 24.

Respectfully,
Larysa Golubovych

January 24. 2025

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution

when opening attachments or clicking on links.



11/14/2024

**RE: Golubovych, Larysa**



To Whom It May Concern: